

# The Attorney General of Texas

September 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Hal H. Hood
Commissioner
Firemen's Pension Commission
Sam Houston Building
Austin, Texas 78701

Opinion No. H-1241

Re: Whether certain contributions can be refunded to a retired fireman.

Dear Mr. Hood:

You have requested our opinion regarding whether certain contributions may be refunded to a retired fireman. You state that a particular fireman in Corpus Christi became disabled and began drawing sick leave benefits on May 2, 1971. On October 12, 1971, payment for sick leave was terminated, and he was granted a disability pension, retroactive to May 2, the initial date of disability. You ask whether he is entitled to a refund for compulsory pension deductions withheld from his sick leave payments from May 2 to October 12. We note that, under section 9 of article 6243e, V.T.C.S., a fireman is not prohibited from receiving both sick leave pay and disability benefits for the same period. See Attorney General Opinion C-460 (1965).

Section 10A(a) of article 6243e, applicable to Corpus Christi, provides that the employing city

> shall deduct an amount equal to no less than three per cent (3%) nor more than six per cent (6%) from the monthly salary or compensation of each participating member fireman.

(Emphasis added). We have previously held that payment for sick leave constitutes payment of "salary." Attorney General Opinion H-860 (1976). Since the statute provides no exception for sick leave pay, we believe that the required pension contribution must be withheld therefrom.

We are supported in this view by other portions of article 6243e. Sections 10A(f) and 10A-1 provide for refund of a fireman's contributions to the pension fund under certain conditions: 1) he leaves active service for a reason other than those for which pension benefits will accrue; and 2) a majority of the Fund's participating members have previously approved a

refund policy.  A disability, whether or not service-related, is one "for which pension benefits will accrue" under sections 7 and 7A.  Thus, the statute, while specifically authorizing refunds of contributions where pension benefits are not available, implies that refunds are not compatible with the payment of such benefits.  Accordingly, it is our opinion that, in the situation you describe, the fireman is not entitled to a refund of pension contributions for the period during which he was paid for sick leave.

### SUMMARY

A fireman entitled to a disability pension may not receive a refund of compulsory pension contributions withheld for a period during which he is paid sick leave.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn